**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO PASULO** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:26cv104-HSO-MTP** |
| | § | |
| | § | |
| **HANCOCK WHITNEY BANK** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HANCOCK WHITNEY BANK'S MOTION [7] TO DISMISS**

Defendant Hancock Whitney Bank ("Defendant" or the "Bank") has filed a Motion [7] seeking dismissal of, or in the alternative, summary judgment on, pro se Plaintiff Antonio Pasulo's ("Plaintiff") Complaint [1]. *See* Mot. [7]; Mem. [8]. Plaintiff has not responded. Defendant's Motion [7] should be granted, and the claims against it should be dismissed.

## I. BACKGROUND

Invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332, on April 8, 2026, Plaintiff filed a Complaint [1] against Defendant, raising claims for: (1) negligence; (2) breach of contract; (3) violations of various sections of Mississippi's Uniform Commercial Code ("U.C.C."), *see* Miss. Code Ann. § 75-3-103, 401, 403; *id.* § 75-4-103, 401; and (4) negligent supervision, *see* Compl. [1] at 2-3. The case arises from a series of transactions that occurred between 2015 and 2016. *See id.* at 1. Plaintiff claims that during that time period, the Bank executed "numerous withdrawals and transfers" on his bank account without his consent, "permitted unauthorized third-party transactions," "failed to implement safeguards and

internal controls," and "failed to supervise employees." *Id.* at 1-2. Plaintiff admits that he was aware of these irregularities in 2015, *see* Compl. [1] at 2, but he attempts to proactively address the elephant in the room – the statute of limitations – by arguing that he was incarcerated from May 2017 to March 2019, *id.*, a prior civil action based on the same facts was dismissed less than one year before the filing of the present Complaint [1], *id.*, and that the "[l]imitations are further tolled by concealment and delayed discovery," *id.*

On July 13, 2026, Defendant filed a Motion [7] to Dismiss, or in the alternative, for Summary Judgment, arguing that Plaintiff's claims are barred by res judicata and Mississippi's statute of limitations. *See* Mot. [7]; Mem. [8] at 4-5. Plaintiff has not responded, and the time for doing so has long passed. *See* L.U. Civ. R. 7(b)(4). Upon review, the Court can sufficiently decide the Motion [7] to Dismiss without converting it to a request for summary judgment.

## II. DISCUSSION

### A. Relevant legal authority

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In other words,

"[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted). And although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . [they] must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). A court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (per curiam) (quotations omitted).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Haynes v. Fed. Ins. Co.*, No. 120CV00155GHDDAS, 2022 WL 805880, at *1 (N.D. Miss. Mar. 15, 2022) (same). "A federal court sitting in diversity applies the state's statute of limitations to state law claims." *Felix v. Novelis Corp.*, No. 4:19-CV-4346, 2021 WL 2418006, at *3 (S.D. Tex. June 14, 2021) (citing *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1103 (5th Cir. 1981)).

B. Analysis

In Mississippi, "[t]he statute of limitation for negligence actions is three years," *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 WL 5406589, at *2 (S.D. Miss. Sept. 25, 2013) (citing Miss Code Ann. § 15-1-49(1)), "[t]he statute of limitations for breach of contract . . . is . . . three years," *Johnson v. Miller*, 126

F.4th 1020, 1030 (5th Cir. 2025) (citing Miss Code Ann. § 15-1-49(1)), and Plaintiff's nebulous claims invoking various sections of the Mississippi U.C.C. are also subject to a three-year statute of limitations, *see* Miss. Code Ann. § 75-3-118(g) (establishing a three-year statute of limitation for conversion and all other claims "arising under this chapter and not governed by this section"); *id.* § 75-4-111 ("An action to enforce an obligation, duty, or right arising under this chapter must be commenced within three (3) years after the cause of action accrues."). In other words, all claims levied against Defendant are subject to Mississippi's three-year statute of limitations.

First, incarceration is not a legal disability that tolls the statute of limitations under Mississippi law. *See* Miss. Code Ann. § 15-1-59 (listing only "infancy or unsoundness of mind" as disabilities that toll the statute of limitations). But even if incarceration could toll the statute of limitations, according to Plaintiff's own Complaint [1], his incarceration began after the alleged wrongs occurred, which would again not qualify as a disability under Mississippi law, *see id.* (requiring that a person be disabled "at the time at which the cause of action accrued" to successfully toll the statute of limitations); Compl. [1] at 2. And regardless, a two-year pause on the statutory clock would do little to resuscitate a case filed roughly eight years after the statute of limitations had run.

Second, although the filing of a complaint generally tolls the statute of limitations for the pendency of an action, *see Koestler v. Mississippi Baptist Health Sys., Inc.*, 45 So. 3d 280, 282 (Miss. 2010) ("Ordinarily, the filing of a complaint tolls

the statute of limitations."), the Complaint [1] here is devoid of any facts indicating that the other action should have such a tolling effect; it is unknown when that case was filed or when it concluded, *see* Compl. [1] at 2. The Court cannot, and will not, consider this sort of baseless pleading at the Rule 12(b)(6) stage. *See, e.g.*, *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 472 (E.D. Tex. 2021) ("[T]he Court should identify and disregard conclusory allegations, for they are not entitled to the assumption of truth." (quotation omitted)). Plaintiff's vague reference to another civil action is not a plausible basis for tolling the statute of limitations on claims that are eight years expired, and it is evident on the face of the Complaint [1] that Plaintiff's claims are time-barred.[1] *See Jones*, 339 F.3d at 366.

Third, Plaintiff's bald assertion that the statute of limitations is "further tolled by concealment and delayed discovery," Compl. [1] at 2, is another "legal conclusion[] masquerading as fact[]," *Turner*, 848 F.3d at 685, which the Court need not accept, especially given Plaintiff's contradictory admission that he "became aware of irregularities in December 2015," Compl. [1] at 2. Plaintiff never responded to the Motion [7] to Dismiss, and the Court is left only with Plaintiff's allegations in the Complaint [1], which are either unjustifiable bases for tolling the statute of limitations or are legal conclusions that it need not accept. *See* Miss.

---

[1] Plaintiff also maintains that Mississippi's savings statute, Miss. Code Ann. § 15-1-69, shields the case from being rendered untimely because he filed the present action "within one year" after the other case was dismissed. Compl. [1] at 2. However, § 15-1-69 does not save a complaint that was already barred by the statute of limitations when originally filed. *Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005) ("[B]ecause the three (3) year statute of limitations had expired prior to [plaintiff]'s filing her second complaint, the trial court correctly dismissed it as time-barred." (en banc)). This argument is unavailing.

Code Ann. § 15-1-59; *Turner*, 848 F.3d at 685. Plaintiff's claims are barred by the statute of limitations, and the Complaint [1] should be dismissed.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Hancock Whitney Bank's Motion [7] to Dismiss is **GRANTED**, and Plaintiff Antonio Pasulo's claims are **DISMISSED WITH PREJUDICE** as time-barred under the applicable statute of limitations. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE